UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**TWO LEVEL ENTERPRISE, LLC D/B/A REMY LOUNGE,**<br><br>Defendant. | Case No.<br>_____ |

## COMPLAINT FOR DAMAGES

## DESIGNATION:  PROPERTY RIGHTS

## JURISDICTION

1. Plaintiff seeks relief for the Defendant's violations of the Communications Act of 1934, as amended, Title 47 U.S.C. Section 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq.*

1

2.     This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3.     This Court has personal jurisdiction over the parties in this action as a result of the Defendant's wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length.  The Defendant's wrongful acts consisted of the interception, publication, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Georgia.

## **VENUE**

4.     Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Northern District of Georgia, Atlanta Division, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5.   The Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, CA 95008.

6.   Defendant Two Level Enterprise, LLC is a Georgia limited liability company with its principal place of business located at 1817 Mountain Industrial Boulevard, Suite B, Tucker, GA 30084 and does business as Remy Lounge operating at 1817 Mountain Industrial Boulevard, Unit B, Tucker, GA 30084.  Defendant Two Level Enterprise, LLC is subject to the venue and jurisdiction of this court.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

7.   Plaintiff had the exclusive nationwide television distribution rights to the *Manny Pacquiao v. Timothy Bradley, II – WBO Welterweight Championship Fight Program* telecast which took place on April 12, 2014 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

8. Plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Georgia, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

9. As a commercial distributor of sporting events, including the Program, Plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

10. Defendant Two Level Enterprise, LLC did not contract with the Plaintiff or pay the necessary sublicense fee required to obtain the Program for its commercial establishment.  Therefore it did not have any authorization to show the Program.

11. Defendant Two Level Enterprise, LLC unlawfully showed the Program at Remy Lounge on the night of April 12, 2014 with full knowledge that the Program was not to be intercepted, received and exhibited by it because it did not have

authorization.

12.     The unauthorized interception, publication, exhibition and divulgence of the Program was done willfully since Defendant Two Level Enterprise, LLC used a deliberate act to receive the Event which was unauthorized and it was done for purposes of commercial advantage and private financial gain.

13.     Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto) and prohibits individuals from assisting in the unauthorized publication or use of such communications.

14.     By reason of the aforesaid mentioned conduct, Defendant Two Level Enterprise, LLC violated Title 47 U.S.C. Section 605, *et seq.* since it was not authorized to show the Program at Remy Lounge.

15.     By reason of the Defendant's violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff has a private right of action.

16. As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 605 Plaintiff is entitled to the following from Defendant:

    (a) Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(i)(II), and also

    (b) Statutory damages for each willful violation in an amount up to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

    (c) Recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

**(Violation of Title 47 U.S.C. Section 553)**

17. Title 47 U.S.C. Section 553 *et seq.* prohibits the unauthorized interception, exhibition, publication, and divulgence of any communications service offered over a cable system.

18.     As previously stated, Plaintiff J & J Sports Productions, Inc. was granted the exclusive nationwide television distribution rights to the Program which took place on April 12, 2014.  The Program was only allowed to be exhibited in those commercial establishments which entered into a sublicensing agreement with Plaintiff and paid the required fee.

19.     Defendant Two Level Enterprise, LLC runs, manages and exercises control over Remy Lounge.

20.     Plaintiff has no record of Defendant Two Level Enterprise, LLC ever entering into a sublicensing agreement with Plaintiff J & J Sports Productions, Inc. or paying the required fee for the Program to be shown at Remy Lounge on April 12, 2014.

21.     Defendant Two Level Enterprise, LLC used unlawful means to receive the cable signal required to exhibit the Program.

22.     Because Defendant was not given authorization to show the Program at Remy Lounge on April 12, 2014, the aforementioned defendant violated Title 47 U.S.C.

Section 553, *et seq.*

23. By reason of the Defendant's violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff has a private right of action.

24. As the result of the Defendant's violation of Title 47 U.S.C. Section 553, Plaintiff is entitled to the following from defendant:

    (a) Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also

    (b) Statutory damages for each willful violation in an amount up to $50,000.00 pursuant Title 47 U.S.C. 553(c)(3)(B), and also

    (c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C), and also

    (d) in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $10,000.00 against Defendant, and;

2. Enhanced damages up to $100,000.00 against Defendant, and;

3. For reasonable attorneys' fees pursuant to statute, and;

4. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

5. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $10,000.00 against Defendant, and;

2. Enhanced damages up to $50,000.00 against Defendant and;

3. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

4. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

5. For such other and further relief as this Honorable Court may deem just and proper.

This the 11th day of October, 2017.

                                          **RAGSDALE, BEALS, SEIGLER, PATTERSON & GRAY, LLP**

                                          By:  s/ Ronald D. Reemsnyder
Ronald D. Reemsnyder, Esquire
Georgia Bar No. 597950
135 Prominence Court, Suite 160
Dawsonville, GA 30534
Ph:  (706) 216-1272
Fax:(706) 216-1278
Email: rreemsnyder@rbspg.com

Attorney for Plaintiff
J & J Sports Productions, Inc.